UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH C. CROWDER,

                                        Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                     10-CV-6052L

                                    v.

MICHAEL ASTRUE,
Commissioner of Social Security,

                                        Defendant.
_____

       Plaintiff appeals from a denial of disability and disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On February 28, 2005, plaintiff, then approximately forty-two years old, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since June 22, 2004, due to a number of conditions including pulmonary difficulties, sleep apnea, and diabetes. (T. 35). His application was initially denied. (T. 35-40). Plaintiff requested a hearing, and initial and supplemental hearings were held before Administrative Law Judge ("ALJ") Nancy Lee Gregg on October 3, 2007 and December 17, 2007. (T. 586-624, 625-658). The ALJ issued a decision on July 25, 2008, concluding that plaintiff was not disabled under the Social Security Act. (T. 17-33). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 27, 2009 (T. 6-8). Plaintiff now appeals. The Commissioner has moved (Dkt. #4) and plaintiff has cross moved (Dkt. #6) for summary judgment.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a now-familiar five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g);

*Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Gregg issued an unusually lengthy, seventeen-page decision analyzing plaintiff's claim of disability, and supported her determination with detailed findings of fact. Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ set forth the medical evidence in careful detail. I believe that evidence supports the ALJ's conclusion that plaintiff, a forty-one-year-old man as of the alleged onset date, with a high school education and past employment as a city bus driver, was not totally disabled, due to the ALJ's findings at steps four and five that although plaintiff could not return to his past work, several positions existed in the economy that plaintiff could perform, including office helper, inspector and hand packager, mail clerk (nongovernmental), information clerk, surveillance system monitor, final assembler, dowel inspector, and gauger.

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes, which reflected impairments of hypertension, diabetes, interstitial lung changes, bilateral hilar and mediastinal adenopathy (lymph node enlargement), bronchitis, heel spurs, fatigue, mild disc dessication (degeneration and fluid loss), minimal spondylosis (degenerative osteoarthritis of the

- 3 -

joints between the centra of the spinal vertebrae and/or neural foraminae), mild disc bulge at L2-3, milt ligamentous thickening at L3-4 and L4-5, and annular tears, slight degenerative spurring and/or disc protrusion and degenerative changes at several spinal levels, mild to moderate left carpal tunnel syndrome and an affective disorder, variously diagnosed as depression or an adjustment disorder with mild depressed mood. (T. 21).

The ALJ also took note of plaintiff's reports concerning his daily activities, including personal care, minor tasks, short shopping trips, weekly worship service attendance, socializing with friends, talking on the telephone and attending doctors' appointments, punctuated by frequent naps. (T. 25-26). Based on this evidence, the ALJ determined that plaintiff retained the residual functional capacity to perform less than a full range of light work. Specifically, he can lift and carry 20 pounds occasionally and ten pounds frequently, push and pull up to 20 pounds occasionally, sit for eight hours and walk/stand for six hours in an eight-hour workday, both with regular breaks, occasionally balance, climb stairs and ramps but never ladders or scaffolds, occasionally kneel, stoop, crouch and crawl, frequently reach, handle finger and feel, and occasionally operate a private motor vehicle. He cannot work at unprotected heights, and should avoid environmental irritants, bright lights, temperature extremes, and more than moderate noise. He has a slight limitation on the ability to make judgments and to process complex instructions, and is moderately limited (albeit able to function satisfactorily) with respect to carrying out complex instructions, making judgments on complex work-related decisions, interacting appropriately with the public, supervisors and co-workers, and responding appropriately to typical work situations and changes therein. (T. 24). I find that this determination is supported by the substantial evidence cited by the ALJ.

With respect to non-exertional limitations, the ALJ's finding that plaintiff's depression was not severe, and did not significantly limit his mental ability to perform basic work activities, is also well-supported. Plaintiff's treating therapist, David Comisar, found that plaintiff's perception, affect, orientation, concentration, motor-activity, speech, thought process, memory, insight and judgment were normal and intact. (T. 579-585). Finally, the ALJ's finding that plaintiff's

subjective complaints of utterly disabling pain and fatigue are not credible, and largely inconsistent with his medical records and self-reported daily living activities, is well-supported.

As plaintiff correctly points out, the ALJ declined to afford controlling weight to the opinion of plaintiff's treating pulmonary specialist, Dr. David K. P. Lee, who had opined that plaintiff was only able to stand for a total of two hours and to walk for one hour in an eight-hour work day, and was entirely unable to climb stairs or ramps, or balance, stoop, kneel crouch or crawl. (T. 28-29, 564-566). The ALJ rejected this assessment, finding that it to be "not . . . supported by medically acceptable imaging/diagnostic testing." (T. 30). *See generally* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (an ALJ is required to afford controlling weight to the opinions of treating physicians, only insofar as those opinions are: (1) well-supported by medically acceptable clinical and laboratory diagnostic evidence; and (2) not inconsistent with other substantial evidence in the record).

Upon review of the medical evidence of record, I concur that Dr. Lee's RFC report was not entitled to controlling weight. Notwithstanding a 2004 CT scan which showed changes in plaintiff's lungs consistent with sarcoidosis (abnormal collections of chronic inflammatory cells in the form of nodules), chest x-rays and CT scans of plaintiff's chest from 2004-2007 were consistently normal, reflecting *no* evidence of pulmonary sarcoidosis, chest pain, or functional problems. (T. 287, 364, 384, 368, 486, 489, 516-517). The medical basis for the RFC limitations listed by Dr. Lee is, in light of his treatment notes, unclear. To the extent that plaintiff contends that Dr. Lee's sitting and standing restrictions are related to plaintiff's alleged back difficulties and not his pulmonary function, this too is not supported by objective findings in the record. Although cervical MRIs show minor disc protrusions, spurring, a small annular tears, ligamentous thickening, dessication and spondylosis, such findings are all in the minimal or minor range, and there is no medical evidence of record that plaintiff's spinal diagnoses have a significant impact on his physical ability to perform work within the RFC limitations found by the ALJ. Upon multiple examinations, plaintiff was found to have a normal gait and stance, with full flexion, extension, and rotary movement in his

cervical spine, full range of motion in his arms and legs, and 5/5 strength in all of his extremities. (T. 300-303, 536-537, 568-569).

On balance, the plaintiff's medical records and treating and examining physician reports simply do not support his claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support her determination as to plaintiff's residual functional capacity. (T. 24). There is no dispute that the positions identified by vocational expert Timothy Jankowski at the supplemental hearing – office helper, inspector, mailroom clerk, information clerk, surveillance monitor, final assembler, dowel inspector and gauger, among others, are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #4) is granted, and plaintiff's motion for summary judgment (Dkt. #6) is denied. The Commissioner's decision that plaintiff, Keith Crowder, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 31, 2011.